IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LANCE THOMAS RAY SHOCKLEE                                                                PLAINTIFF

v.                                          Civil No. 1:23-cv-01020-BAB

SHERIFF LEROY MARTIN;
JAIL ADMINISTRATOR GEAN SIEGER;
and DR. ELKINS                                                                          DEFENDANTS

## ORDER

Plaintiff, Lance Thomas Ray Shocklee, submitted this 42 U.S.C. § 1983 action, *pro se*, on March 14, 2023. (ECF No. 1). Plaintiff submitted an application to proceed *in forma pauperis* ("IFP") the same day. (ECF No. 2). The Court also granted Plaintiff IFP status on March 14, 2023. (ECF No. 3). Currently before the Court, is Plaintiff's failure to comply with Orders of the Court and to prosecute this matter.

On May 31, 2023, Defendants filed a Motion to Dismiss. (ECF No. 18). On June 1, 2023, the Court entered an Order directing Plaintiff to respond, to Defendants' Motion to Dismiss, by June 22, 2023. (ECF No. 20). Plaintiff was advised that failure to comply with the Order could result in dismissal of his case. *Id*. The Order was mailed to Plaintiff's address of record. On June 12, 2023, the Order was returned as undeliverable mail. (ECF No. 23).

Pursuant to the Court's initial filing Order, Plaintiff was provided thirty (30) days to inform the Court of his new address. (ECF No. 3). Plaintiff failed to do so. Furthermore, Plaintiff has not communicated with the Court since initially filing this action on March 14, 2023.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.

1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has wholly failed to prosecute this case. He has not communicated with the Court since initially filing his Complaint, and he failed to comply with the Court's Orders. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 10th day of August 2023.

/s/ *Barry A. Bryant*
    HON. BARRY A. BRYANT
    UNITED STATES MAGISTRATE JUDGE